**McCARTHY & HOLTHUS, LLP**
Melissa Robbins Coutts, Esq. (SBN: 246723)
2763 Camino Del Rio South, Suite 100
San Diego, CA  92108
Telephone:	(619) 685-4800
Facsimile:	(619) 685-4811
Email:	mcoutts@mccarthyholthus.com

Attorneys for Defendants,
Federal Home Loan Mortgage Corporation and Melissa Robbins Coutts

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANHT REATREY KEO,<br><br>                        Plaintiff,<br><br>vs.<br><br>MARIN COUNTY, at al,<br><br>                        Defendants. | Case No. 3:22-cv-05317<br><br>**REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**<br><br>Date:  October 24, 2023<br>Time: 2:00 p.m.<br>Ctrm:  9<br>Judge: Hon. Trina L. Thompson |

    Defendants Federal Home Loan Mortgage Corporation ("Freddie Mac") and Melissa Robbins Coutts respectfully submit this Reply Brief in support of their Motion to Dismiss First Amended Complaint, and in response to Plaintiff Chanht Reatrey Keo's untimely Opposition [doc. no. 71].

    Defendants respectfully request the Court to consider this Reply Brief, notwithstanding that the Reply is filed after the deadline imposed by the Court's August 16, 2023 scheduling order, as the Reply is filed within 7 days after the filing of Plaintiff's *untimely* Opposition on October 10, 2023.  (See L.R. 7-3(c).)

/ / /

/ / /

## I. Plaintiff's Opposition Was Untimely and Fails to Comply With Local Rules.

This Court's Order issued August 16, 2023 clearly and unambiguously set Plaintiff's deadline to oppose Defendants' Motions to Dismiss as October 2, 2023 [doc. no. 65]. In a minute order entered September 28, 2023, the Court reiterated that deadline [doc. no. 69]. Yet in blatant disregard of the deadline, Plaintiff did not file her Opposition to Defendants' Motion until October 10, 2023 (after signing it on October 9, 2023). In addition, the Opposition grossly exceeds the page limitations of Local Rule 7-3(a). The Court may impose "any authorized sanction" against a party for failure to comply with the Local Rules, which may include disregarding late-filed or non-compliant papers. See L.R. 1-4; see also Carpenter v. Universal Star Shipping, S.A., 924 F.2d 1539, 1547 (9th Cir. 1991) (discretion to disregard late-filed opposition to motion). In light of Plaintiff's failure to present any good cause for the untimely and non-compliant filing of her Opposition, the Court should treat the Motion to Dismiss as unopposed.

## II. Plaintiff's Opposition Fails to Demonstrate the Existence of Any Plausible Claim for Relief.

Even considering the substance of Plaintiff's Opposition, the Court should grant Defendants' Motion to Dismiss in its entirety, as Plaintiff has failed to demonstrate the existence of any plausible claim for relief against Defendants.

### A. Plaintiff Has Not Stated Any Claim Against Freddie Mac's Legal Counsel, Melissa Robbins Coutts.

Plaintiff's Opposition makes *no mention* of Defendant Melissa Robbins Coutts, whose only connection with this case is her role acting as retained legal counsel for Freddie Mac. Without even attempting to demonstrate how her claims could be plausibly stated against Freddie Mac's attorney, all claims against Defendant Melissa Robbins Coutts should be dismissed.

/ / / /

### B. Plaintiff Cannot Collaterally Attack the Eviction Judgment.

Plaintiff's Opposition makes clear that the purpose of her lawsuit is to "Nullify the Res Judicata, Nonjudicial Foreclosure Sale, and to Reverse or Modify the Writ of Possession entered in this Court against her," and to seek damages and injunctive relief arising out of the U.S. Marshal's enforcement of that Writ of Possession to dispossess her of the subject real property. (Opp'n at 13.) The majority of Plaintiff's Opposition argues that the unlawful detainer judgment rendered in Case No. 19-cv-02099-RS was incorrectly decided because she believes the nonjudicial foreclosure resulting in Freddie Mac's acquisition of title was flawed; the unlawful detainer complaint was not verified in compliance with the California Code of Civil Procedure; and the evidence submitted by Freddie Mac in that case was no persuasive. (Opp'n at 13-39.) Notably, most of the Opposition is a word-for-word recitation of Plaintiff's opposition to Freddie Mac's motion for summary judgment filed in the eviction case. (Compare Opp'n at 14-29 with Doc. No. 53 in Case No. 19-cv-02099-RS.)

Plaintiff is barred from challenging the correctness of the prior eviction judgment. See Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984) (the equitable concerns underlying Rule 60 "are not intended to allow challenges to the correctness of the judgment itself."); Barrett v. Secretary of Health & Human Services, 840 F.2 1259, 1266 (6th Cir. 1987) (independent action will not lie to "relitigate issues finally determined in the prior action"). Plaintiff's only means to challenge the merits of the eviction judgment was through an appeal to the Ninth Circuit Court of Appeals, which she already filed, litigated, and lost. (Req. for Judicial Notice Ex. C, D.)

As discussed in the Defendants' Motion to Dismiss, the eviction judgment is a final decision, rendered on the merits in the eviction case, between the same parties to the present case, and it is therefore binding in this action regardless of Plaintiff's disagreement with it. In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997);

Stratosphere Litig. LLC v. Grand Casinos, Inc., 298 F.3d 1137, 1143 n.3 (9th Cir. 2002). Contrary to Plaintiff's request, this Court cannot "reverse" the grant of summary judgment in the eviction case. (See Opp'n at 39.)

### C. Plaintiff Cannot State Any Claim Against Defendants Based on Her Challenges to the Authority of Federal Government Officials.

Plaintiff's Opposition next contends that the Chairman of the Federal Housing Finance Agency was not appointed by the President and confirmed by the Senate, and therefore, the Federal Housing Finance Agency "lacked jurisdiction and authority to respond to this appeal and file the notice of removal and evict Plaintiff." (Opp'n at 39.) Plaintiff fails to explain how this argument has any relevance to the pending Motion to Dismiss, which was filed by Defendants Freddie Mac and Melissa Coutts, not the Federal Housing Finance Agency. Notably, the Federal Housing Finance Agency was previously named as a Defendant in the case, however it was dismissed by the Court due to Plaintiff's failure to complete service [doc. no. 44].

Defendant Freddie Mac is a private corporation chartered by an Act of Congress, organized and existing under the Federal Home Loan Mortgage Corporation Act, 12 U.S.C. § 1451, et seq. See generally Am. Bankers Mortg. Corp. v. Federal Home Loan Mortgage Corp., 75 F.3d 1401 (9th Cir. 1996) (explaining purpose, structure, and governance of Freddie Mac and concluding that Freddie Mac is not a government actor). Plaintiff has failed to demonstrate how her contentions about the allegedly unconstitutional structure of the Federal Housing Finance Agency would have any relevance to claims against Freddie Mac.

### D. Plaintiff Does Not Allege Facts to State a Claim for Intentional Infliction of Emotional Distress.

Next, Plaintiff contends that she has sufficiently alleged a cause of action for intentional infliction of emotional distress against Defendants. (Opp'n 47-50.) Her

Opposition cites and discusses cases where intentional infliction claims were found to be sufficient, including a case where "angry neighbors killed the family dog and threatened to beat up the plaintiffs," and another case where a plaintiff was recovering in the hospital from a miscarriage and alleged she was "shown the dead fetus, screamed at, and later asked out for dinner by the defendant." (Opp'n at 49-50.) Plaintiff makes no attempt to tie those cases to the present one, instead alleging simply that Plaintiff "suffered physical and emotional health problems after her illegal eviction." (Opp'n at 50.) As discussed in the Motion to Dismiss, a claim for intentional infliction of emotional distress requires allegations of extreme and outrageous conduct that "exceed[s] the bounds of decency that are usually tolerated in a civilized community." Potter v. Firestone Tire & Rubber Co., 6 Cal.4th 965, 1001 (1993). The facts alleged in this case – that Freddie Mac, through its legal counsel Melissa Coutts, filed a complaint for eviction and obtained a judgment from the Court – fall far short of meeting that standard, and bear no resemblance to the Plotnik and So cases cited by Plaintiff.

### E. Plaintiff Does Not Allege Facts Supporting Her Discrimination Claims.

As with her other claims, Plaintiff's Opposition cites cases discussing her discrimination causes of action but fails to tie those cases to the present one. (See Opp'n at 50-54.) As discussed in Defendant's Motion to Dismiss, in order to state a claim for violation of the ADA or California state disability laws, Plaintiff must allege facts showing that she suffered an adverse action *because of her disability.* Hutton v. Elf Atochem N. Am., Inc., 273 F.3d 884, 891 (9th Cir. 2001). The First Amended Complaint does not allege any facts even suggesting that Freddie Mac or Melissa Coutts engaged in any type of conduct that violated applicable disability laws. Instead, the First Amended Complaint acknowledges that an eviction judgment was entered by the District Court following the completion of a nonjudicial foreclosure. (First Am. Compl. ¶¶ 1, 43-45; Req. for Judicial Notice

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO SOUTH, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Ex. A pg. 1-5.)  No facts are alleged that could lead to the conclusion that the eviction was caused by her race, age, or any other protected status; rather, the eviction directly resulted from the foreclosure being completed and title to the subject property transferring to Freddie Mac.  In the cases cited by Plaintiff, the courts found the sufficiency of allegations specifically "support[ing] an inference that Defendants were motivated by racial prejudice" based on specific statements made, including racial slurs used by the defendants in those actions.  (See, e.g. Opp'n at 51 [quoting Madrigal v. City of Santa Maria].)  Plaintiff asserts that Defendants "had no right to prevent Plaintiff from being on her Property" because she "is disabled due to her age," however she has failed to allege that her age was the basis for the eviction.  (Opp'n at 52.)  Instead, the facts alleged in the First Amended Complaint and judicially-noticeable documents (including prior judgments of this Court) demonstrate she was evicted due to losing ownership of the property by the nonjudicial foreclosure following non-payment of her mortgage loan.

### F. Plaintiff Has Not Alleged Facts Constituting Unfair Business Practices.

Finally, Plaintiff contends that "all of Defendants' bad acts" also constitute unfair business practices.  (Opp'n at 55.)  As factual support for her claim, Plaintiff asserts only that "[s]he was assaulted by Defendants," however the facts actually alleged in the First Amended Complaint are to the contrary.  (Opp'n at 58.) Plaintiff's First Amended Complaint does not allege that either Freddie Mac or Melissa Coutts were present when she was evicted from the property by the U.S. Marshal, or that these Defendants ever had any physical contact with her.  (See First Am. Compl. ¶¶ 17, 75-81.) Instead, the First Amended Complaint bases Plaintiff's unfair business practice claim on her underlying allegations of discrimination under the ADA and Unruh Act.  (First Am. Compl. ¶ 194.)  Because those claims are insufficiently pleaded based on Plaintiff's failure allege facts showing any of

McCARTHY & HOLTHUS, LLP
ATTORNEYS AT LAW
2763 CAMINO DEL RIO SOUTH, SUITE 100
SAN DIEGO, CALIFORNIA 92108
TELEPHONE (619) 685-4800 FACSIMILE (619) 685-4811

Defendants' actions were motivated by her being a member of a protected class, Plaintiff's discrimination claims also fail to form the basis for an unfair business practice claim. Daugherty v. Am. Honda Motor Co., Inc., 144 Cal.App.4th 824, 837 (2006).

### III.   Conclusion

Defendants respectfully request the Court dismiss Plaintiff's First Amended Complaint in its entirety for failure to state a legally cognizable claim against Freddie Mac or Melissa Robbins Coutts.  And because the action is nothing more than an attempt to re-litigate her unsuccessful appeal of the Judgment from the prior eviction case, the dismissal should be with prejudice.

Dated:  October 17, 2023                    Respectfully submitted,

By:    /s/ Melissa Robbins Coutts
Melissa Robbins Coutts, Esq.
McCARTHY & HOLTHUS, LLP
Attorneys for Defendants,
Federal Home Loan Mortgage
Corporation and Melissa Robbins Coutts

# DECLARATION OF SERVICE

I, Stefano Ramirez Encarnacion, declare:

I am a citizen of the United States and I am employed in the County of San Diego, State of California; I am over the age of 18 years and not a party to this action; my business address is 2763 Camino Del Rio S, Suite 100, San Diego, California 92108.

On October 17, 2023, at the direction of a member of the bar of this Court, I served the following document(s) as set forth below:

- **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT**

**By ECF Only:**

Michael Von Loewenfeldt
WAGSTAFFE, VON LOEWENFELDT, BUSCH & RADWICK LLP

Email: mvl@wvbrlaw.com

*Attorneys for Defendant City of San Rafael*

in the following manner of service (check appropriate):

    __XX__    **BY ELECTRONIC FILING**: The documents were filed electronically via this court's CM/ECF system. Accordingly, service was made by virtue of a Notice of Electronic Filing ("NEF") generated automatically upon the filing of the document and transmitted to the email addresses of all counsel of record who have consented to electronic service. By the terms of the court's rules governing electronic filing, service of the documents is deemed complete upon the transmission of the NEF.

**By U.S. Mail Only:**

Chanht Reatrey Keo
P.O. Box 10011
San Rafael, CA 94912

*Plaintiff in pro per*

---

1
PROOF OF SERVICE

CA-22-948616-CV

1     __XX__ **BY MAIL:** I placed a true copy in a sealed envelope addressed as indicated above. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on a motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one date after date of deposit for mailing in affidavit.

    I declare under penalty of perjury under the laws of the United States, that the foregoing is true and correct. Executed on October 17, 2023 at San Diego, California.

By: _/s/ Stefano Ramirez Encarnacion_
      Stefano Ramirez Encarnacion