UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANHT REATREY KEO,<br><br>    Plaintiff,<br><br>    v.<br><br>MELISSA ROBBINS COUTTS, et al.,<br><br>    Defendants. | Case No.  22-cv-05317-TLT<br><br>**ORDER GRANTING MOTIONS TO DISMISS**<br><br>Re: Dkt. Nos. 43, 49 |

Before the Court are Defendant San Rafael's Motion to Dismiss ("San Rafael Mot."), ECF No. 43, and Defendants Federal Home Loan Mortgage Corporation's ("Freddie Mac") and Melissa Robbins Coutts' Motion to Dismiss ("Coutts Mot."), ECF No. 49.  For the reasons below, the San Rafael Motion and the Coutts Motion are **GRANTED**.

I.  **BACKGROUND**

Plaintiff Chanht Reatrey Keo was the owner of a property in San Rafael, California.[1]  Am. Compl. ¶¶ 1, 14, ECF No. 41.  At some point, the property was sold through non-judicial foreclosure by Freddie Mac.  *Id.* ¶¶ 62–63, 66.  Plaintiff subsequently sued Freddie Mac in this Court, arguing that the foreclosure was unlawful.  *Id.* ¶¶ 4(a), 45; Req. Jud. Notice in Support Mot. Dismiss 1st Am. Compl. ("Req. Jud. Notice"), Ex. A ("Dismissal Order'), at 1, ECF No. 49-1.

---

[1] Defendants Freddie Mac and Coutts ask the Court to take judicial notice of various judicial orders, a municipal resolution, and a municipal ordinance.  *See* Req. Jud. Notice in Support Mot. Dismiss 1st Am. Compl., ECF No. 49-1.  Their Motion relies on facts from these orders, and those facts add admittedly useful background to Plaintiff's otherwise sparse Complaint.  *See* Mot. 6–7.  But "[o]n a Rule 12(b)(6) motion to dismiss, when a court takes judicial notice of another court's opinion, it may do so not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."  *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001) (internal quotation marks and citation omitted), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  Thus, the Court takes judicial notice of the various opinions, but not the facts in them that Freddie Mac and Coutts rely on.  *See id.*  The Court also takes judicial notice of the resolution and ordinance.  *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).

1    Judge Seeborg dismissed the case on res judicata grounds.  Dismissal Order 2; Am. Compl. ¶ 21.
2    Plaintiff appealed the dismissal, but the Ninth Circuit affirmed.  Req. Jud. Notice, Ex. C.
3           Separately, Freddie Mac sued Plaintiff for unlawful detainer, the action was removed, and
4    Freddie Mac won at summary judgment.  Am. Compl. ¶ 4(b); Req. Jud. Notice, Ex. B.  Again,
5    Plaintiff appealed, and again, the Ninth Circuit affirmed.  Req. Jud. Notice, Ex. D.  After granting
6    summary judgment, the court issued a writ of possession, which allowed the United States
7    Marshalls to enforce the unlawful detainer and remove Plaintiff, along with her tenant, from the
8    San Rafael property.  Am. Compl. ¶¶ 4(c), 16, 74–75.  Coutts is an attorney "who coordinated
9    [this] final dispossession and eviction."  *Id.* ¶ 14.  Shortly before Plaintiff's eviction, the Marin
10   County Board of Supervisors enacted an eviction moratorium for the area where Plaintiff's
11   property was located.  *Id.* ¶ 71.
12          On September 19, 2022, Plaintiff filed this lawsuit against San Rafael, Freddie Mac,
13   Coutts, and five other defendants.  *See* Compl. ¶¶ 8–20, ECF No. 1.  On April 13, 2023, the Court
14   dismissed four of the other defendants under Federal Rule of Civil Procedure 4(m) because
15   Plaintiff had failed to serve them, despite multiple reminders to do so.  *See* Order 2, ECF No. 44.
16   That same month, Plaintiff filed an amended complaint bringing fourteen claims: for relief from
17   the judicial orders mentioned above, Am. Compl. ¶¶ 1–92; for a *Bivens* actions, *id.* ¶¶ 108–119;
18   for a violation of the Americans with Disabilities Act, *id.* ¶¶ 120–29; and for various state law
19   claims, *id.* ¶¶ 93–107, 130–99.  Also in April, Defendants San Rafael, Freddie Mac, and Coutts
20   moved to dismiss.  *See* San Rafael Mot.; Coutts Mot.

21   **II.    LEGAL STANDARD**
22          Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain
23   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A
24   complaint that fails to meet this standard may be dismissed pursuant to Rule 12(b)(6).  *See* Fed. R.
25   Civ. P. 12(b)(6).  To overcome a Rule 12(b)(6) motion to dismiss after the Supreme Court's
26   decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550
27   U.S. 544 (2007), a plaintiff's "factual allegations [in the complaint] 'must . . . suggest that the
28   claim has at least a plausible chance of success.'"  *Levitt v. Yelp! Inc.*, 765 F.3d 1123, 1135 (9th

1   Cir. 2014). The court "accept[s] factual allegations in the complaint as true and construe[s] the
2   pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire &*
3   *Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). But "allegations in a complaint . . . may not
4   simply recite the elements of a cause of action [and] must contain sufficient allegations of
5   underlying facts to give fair notice and to enable the opposing party to defend itself effectively."
6   *Levitt*, 765 F.3d at 1135 (quoting *Eclectic Props. E., LLC v. Marcus & Millichap Co.*, 751 F.3d
7   990, 996 (9th Cir. 2014)). "A claim has facial plausibility when the Plaintiff pleads factual
8   content that allows the court to draw the reasonable inference that the Defendant is liable for the
9   misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility standard is not akin to a
10  'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted
11  unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

**III.    DISCUSSION**

   **A.    Plaintiff is not entitled to relief under Rule 60.**

Plaintiff's first cause of action asks the Court to grant her relief under Federal Rule of Civil Procedure 60(d)(1) from three prior orders: the order dismissing her unlawful foreclosure case against Freddie Mac, the order granting summary judgment on unlawful detainer for Freddie Mac, and the order authorizing the U.S. Marshalls to enforce a writ of possession. *See* Am. Compl. ¶¶ 1–92. San Rafael argues that this claim against it should be dismissed because it was not a party to those earlier actions, *see* San Rafael Mot. 9–10, and Freddie Mac and Coutts argue that Plaintiff has failed to meet the requirements of Rule 60(d)(1), *see* Coutts Mot. 10–12.

Under Federal Rule of Civil Procedure Rule 60(d)(1), courts may "entertain an independent action to relieve a party from a judgment, order, or proceeding." "This language has been interpreted as allowing a party to either file a motion within the same case under Rule 60(b)"—which authorizes relief for reasons like mistakes or newly discovered evidence—"or to file an entirely new complaint under Rule 60(d)." *Reiffin v. Microsoft Corp.*, No. C 11-03505 CRB, 2011 WL 5104467, at *3 (N.D. Cal. Oct. 26, 2011) (citing *Wood v. McEwan*, 644 F.2d 797, 801 (9th Cir. 1981)).

"Independent actions under Rule 60(d), however, are 'reserved for those cases of injustices

which . . . are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata.'" *Arunachalam v. United States*, No. 5:16-CV-06591-EJD, 2017 WL 3730340, at *2 (N.D. Cal. Aug. 30, 2017) (quoting *Palmer v. Stephens*, 2016 WL 347302 (D. Hawai'i 2016)); *see also United States v. Beggerly*, 524 U.S. 38, 46 (1998). This is a "demanding standard." *Beggerly*, 524 U.S. at 47.

"To assert an independent action for relief [under Rule 60(d)(1)], a plaintiff must demonstrate (1) that plaintiff has a meritorious claim or defense, (2) that the plaintiff is diligent and not at fault, (3) there is a lack of an alternative remedy, and (4) 'that the judgment is manifestly unconscionable.'" *Ayres v. MetLife, Inc.*, No. 21-CV-08523-JSC, 2022 WL 1801494, at *3 (N.D. Cal. June 2, 2022) (quoting *Wilson v. Leigh Law Grp., P.C.*, 2020 WL 3972574, at *2 (N.D. Cal. July 14, 2020)).

As an example of a case that meets Rule 60's high bar, the Supreme Court has cited a case "in which the plaintiff alleged that judgment had been taken against her in the underlying action as a result of a forged document." *Beggerly*, 524 U.S. at 47 (citing *Marshall v. Holmes*, 141 U.S. 589 (1891)). By contrast, there is no gross injustice sufficient for Rule 60(d)(1) when the plaintiff "has availed herself of multiple opportunities to challenge orders and judgments she believes are erroneous." *Arunachalam*, 2017 WL 3730340, at *2 (internal quotation marks and citation omitted). Indeed, "[a] party cannot use a Rule 60 independent action as a vehicle for relitigation of issues." *Id.*

The Court finds that Plaintiff fails to meet Rule 60(d)(1)'s demanding standard. For one, Plaintiff has "availed herself of multiple opportunities to challenge [these] orders" with her two appeals to the Ninth Circuit. *See id.* On top of that, Plaintiff fails to show she has a "meritorious claim or defense." *See Ayres*, 2022 WL 1801494, at *3. Instead, she seeks to "relitigat[e]" the earlier orders with seemingly frivolous arguments. *See Arunachalam*, 2017 WL 3730340, at *2.

She chiefly contends that the orders were wrong because California Code of Civil Procedure § 1908, which codifies the doctrine of res judicata, is unconstitutionally vague and because her eviction violated moratoria in place at the time. *See* Am. Compl. ¶¶ 21–92. But the moratoria Plaintiff relies on barred evictions for non-payment of rent; Plaintiff was evicted

4

pursuant to a non-judicial foreclosure. *See* Am. Compl. ¶¶ 62–63, 66, 72; *see also* Marin Cnty., Cal., Resolution No. 2022-60 (2022); San Rafael, Cal., Ordinance No. 2012 (2022). The moratoria are thus inapplicable.

Likewise, Plaintiff would find no success with her argument that California's provision for res judicata is impermissibly vague. A statute is vague when it is "so indefinite in its terms that it fails to articulate comprehensible standards to which a person's conduct must conform." *Botosan v. Paul McNally Realty*, 216 F.3d 827, 836 (9th Cir. 2000). But ambiguity in a statute can be "clarified through judicial interpretation." *Hum. Life of Washington Inc. v. Brumsickle*, 624 F.3d 990, 1020 (9th Cir. 2010). And whatever ambiguity that might exist in section 1908 has been worked out by decades of judicial interpretations of the statute. In any case, the language Plaintiff claims is vague appears not in section 1908 but in judicial interpretations of it. *See* Am. Compl. ¶ 26 (quoting *Cochoit v. Schiff Nutrition International Inc.*, 227 F.Supp.3d 1119 (C.D. Ca. 2017)); Cal. Civ. P. § 1908. Because Plaintiff has not shown she has a meritorious legal argument, and because she is seeking to relitigate the prior orders, she has not shown she is entitled to relief under Rule 60. *See Ayres*, 2022 WL 1801494, at *3.

The Court thus grants the Coutts Motion and the San Rafael Motion as to claim 1.

**B.     Plaintiff's *Bivens* claim fails.**

Plaintiff also brings a claim against all Defendants under *Bivens v. Six Unnamed Agents*, 403 U.S. 388 (1971). *See* Am. Compl. ¶¶ 108–19. However, these claims fail from the outset. *Bivens* claims can only be brought against federal officials; they cannot be brought against private individuals, municipalities, or agencies. *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994); *Martinez v. City of L.A.*, 141 F.3d 1373, 1383 (9th Cir. 1998). Neither Freddie Mac nor the city of San Rafael is a federal official, and Plaintiff does not allege that Coutts is either (rather, she appears to be a private attorney). *See* Am. Compl. ¶ 14. Accordingly, the Coutts Motion and the San Rafael Motion are granted as to claim three.

**C.     Plaintiff's ADA claim fails.**

Plaintiff next brings a claim under the Americans with Disabilities Act. Am. Compl. ¶¶ 120–29. "In order to plead a disability discrimination claim under the ADA . . . [a] [p]laintiff

5

must plead facts sufficient to show she is a disabled individual whose disability limits a major life activity." *Jones v. Nat'l R.R. Passenger Corp.*, No. 15-CV-02726-MEJ, 2016 WL 4538367, at *2 (N.D. Cal. Aug. 31, 2016) (collecting cases). Referring to an unspecified disability is not enough. *See id.* (collecting cases). And at no point in her Complaint does Plaintiff specify what her disability is. *See generally* Am. Compl.

Nor does the Complaint specify how an ADA violation took place; rather, Plaintiff alleges that she "was illegally evicted despite the fact that she was physically disabled," that she "lost her personal property, because she was not able to retrieve [it] because of her disability," and that "each Defendant" acted "with evil motive and/or intent, in disregard of the rights of [ ] Plaintiff." *Id.* ¶¶ 123–24. Such conclusory allegations are not enough to survive a motion to dismiss, however. *Klamut v. California Highway Patrol*, No. 15-CV-02132-MEJ, 2015 WL 9024479, at *6 (N.D. Cal. Dec. 16, 2015) (collecting cases).

Accordingly, the San Rafael Motion and Coutts Motion are granted as to claim four.

**D.     The Court does not have supplemental jurisdiction over Plaintiff's state-law claims.**

Plaintiff's remaining claims are for violations of California state law. Am. Compl. ¶¶ 93–107, 130–99. But "a court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it has original jurisdiction." *Rupert v. Bond*, 68 F. Supp. 3d 1142, 1160 (N.D. Cal. 2014) (quoting *Ove v. Gwinn*, 264 F.3d 817, 826 (9th Cir. 2001)). "The district court's exercise of discretion to decline to exercise supplemental jurisdiction over state law claims is informed by values of economy, convenience, fairness, and comity." *Heatherly v. Malika*, No. C-11-04125 DMR, 2013 WL 5754106, at *2 (N.D. Cal. Oct. 23, 2013) (cleaned up).

Considering these values, the Court declines to exercise supplemental jurisdiction over the state-law claims. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state law claims." *Id.* (quoting *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997)). Indeed, when "[a]ll federal matters have been resolved and only state matters remain, [ ] comity

strongly favors dismissal." *Id.* (quoting *Yates v. Delano Retail Partners, LLC*, No. C–10–3073–CW, 2012 WL 4944269 at *3 (N.D. Cal. Oct. 17, 2012)). And because "[t]he case is at an early stage," "[j]udicial economy also counsels against the court's exercise of supplemental jurisdiction." *See id.* (collecting cases). Whatever inconvenience or expense Plaintiff might face in state court, these considerations do not outweigh the benefits to comity and economy just outlined. *See id.* (citing *Pickern v. Stanton's* Restaurant, No. C–01–2112–SI, 2002 WL 143817 at *3 (N.D. Cal. Jan. 29, 2002)).

The Court thus dismisses Plaintiff's state-law claims.

### E. Amendment would be futile.

"A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988) (internal quotation marks and citations omitted). Leave to amend need not be granted when amendment would be futile. *See also Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998). Courts have found amendment would be futile when a plaintiff has already been notified of the deficiencies in their complaint. *See, e.g.*, *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013); *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 946 (N.D. Cal. 2019). "A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." *Salameh*, 726 F.3d at 1133 (quoting *Sisseton–Wahpeton Sioux Tribe v. United States*, 90 F.3d 351, 355 (9th Cir. 1996)).

The Court finds that amendment would be futile here. For one, Plaintiff has already amended her complaint. And shortly before she did, the Court advised her that her amended complaint should "state clearly and simply each claim Plaintiff seeks to bring" and "identify each defendant and state the specific action or actions each defendant took, or failed to take." Mar. 21, 2023, Order 2, ECF No. 40. Despite this advice, Plaintiff's complaint remains conclusory and vague. The Court thus declines her leave to amend. *See Salameh*, 726 F.3d at 1133.

### F. Defendant Nicole Lopez is dismissed.

As a separate matter, the Court notes that Plaintiff has not filed proof of service for Defendant Nicole Lopez, though the deadline to do so has long passed. Under Federal Rule of

7

Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Given Plaintiff's repeated failures to serve other defendants, and given the Court's multiple reminders for her to do so, the Court finds it appropriate to dismiss Defendant Lopez. *See id.*; ECF Nos. 40, 44.

### IV. CONCLUSION

The Coutts Motion and the San Rafael Motion are granted in their entirety. Plaintiff's claims against Coutts, Freddie Mac, and San Rafael are dismissed, without leave to amend. And Defendant Lopez is dismissed from this action for failure to serve.

**IT IS SO ORDERED.**

Dated: December 28, 2023

TRINA L. THOMPSON
United States District Judge